COGBURN LAW
Jamie S. Cogburn, Esq.
Nevada Bar No. 8409
jsc@cogburncares.com
Erik W. Fox, Esq.
Nevada Bar No. 8804
ewf@cogburncares.com
2580 St. Rose Parkway, Suite 330
Henderson, Nevada 89074
Telephone: (702) 748-7777
Facsimile: (702) 966-3880
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ERIC J. SCHWARTZ, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> AMERASSIST A/R SOLUTIONS, INC., a Nevada Corporation, <br><br> Defendant. | **COMPLAINT <br> AND JURY DEMAND** |

Plaintiff, Eric J. Schwartz (hereinafter "Plaintiff"), by and through counsel, Cogburn Law, hereby complains against Defendants as follows:

**I.   PRELIMINARY STATEMENT**

1.   This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## II. JURISDICTION AND VENUE

### A. JURISDICTION OF THE COURT

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d).

### B. VENUE

3. Venue is proper in this District Court, particularly its unofficial southern district, pursuant to 28 U.S.C. § 1391(b).

## II. PARTIES

4. Plaintiff is a natural person residing in Clark County, Nevada.

5. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(c).

6. Defendant AmerAssist A/R Solutions, Inc., (hereinafter "AmerAssist") is a company engaged in the business of collecting debts by use of the mails and telephone, and regularly attempts to collect debts alleged to be due another.

7. Upon information and belief, AmerAssist is an entity licensed and doing business in Nevada.

8. Upon information and belief, AmerAssist is licensed as a Collection Agency by the Nevada Financial Institutions Division (License #CA10075).

9. AmerAssist is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6) trying to collect a "debt" as defined by 15 U.S.C. §1692a(5).

## III. GENERAL ALLEGATIONS

10. Plaintiff was contacted by AmerAssist regarding an alleged (hereinafter the "AmerAssist Account").

11. AmerAssist failed to serve a Dunning Letter on Plaintiff following the initial contact.

12. Plaintiff wrote to AmerAssist requesting AmerAssist validate the debt.

13. Plaintiff did not receive a response to the validation.

14. Plaintiff did not receive a Dunning Letter following the initial contact by AmerAssist.

15. AmerAssist's failure to respond to the debt validation letter and failure to serve a Dunning Letter following the initial communication prevented Plaintiff from access to information in order to understand whether the debt was his and should be paid.

16. Upon information and belief, the alleged debt AmerAssist seeks to collect was and is beyond the statute of limitations in Nevada for contract-based claims.

**IV.  CLAIMS FOR RELIEF**

**FIRST CLAIM FOR RELIEF**
**(Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692)**

17. Plaintiff realleges and incorporates all preceding paragraphs as if fully set out herein.

18. AmerAssist's conduct was negligent or willful or both, rendering it liable for failing to cease collection of an alleged debt, and not providing proper verification of the debt to the prior to initiating a lawsuit, in violation of 1692g(b).

19. Upon information and belief, Defendant was negligent and/or willful, rendering it liable for attempting to collect an improper balance due, fees, interests and/or expenses not authorized or permitted by law, and in violation of 1692f(1).

20. As a result of the foregoing violations, AmerAssist is liable for actual damages, including general damages and special damages in an amount to be proven at trial, but not less than up to $1,000 per violation, pursuant to 1692k(a)(1).

21. As a result of the foregoing violations, AmerAssist is liable for actual damages, including general damages and special damages in an amount to be proven at trial, but not less than up to $1,000 per violation, pursuant to 1692k(a)(2)(a).

22. As a result of the foregoing violations, AmerAssist is liable for costs and reasonable attorney fees pursuant to 1692k(a)(3).

23. Plaintiff hereby prays for actual damages under the FDCPA, and for statutory damages as set forth above for each and every violation of the Fair Debt Collection Practices Act proven at the trial of this case, and reasonable attorney fees and costs thereunder.

24. An actual controversy has arisen and now exists between the parties concerning their respective rights and duties under the FDCPA. A judicial declaration that Defendant's actions violated the FDCPA is necessary so that all parties may ascertain their rights and duties under the law.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant, on all counts, for the following:

1. Declaratory judgment that Defendant's conduct violated the FDCPA;
2. Actual damages;
3. Statutory damages;
4. Punitive damages;
5. Costs and reasonable attorney fees; and
6. For such other and further relief as may be just and proper.

. . .

. . .

. . .

## VI. **JURY DEMAND**

Pursuant to Fed. R. Civ. P. 38(b) and the Seventh Amendment to the United States Constitution, Plaintiff hereby demands a jury trial.

Dated this 9th day of October, 2020.

                                              COGBURN LAW

                                              By:   */s/Erik W. Fox*
                                                       Jamie S. Cogburn, Esq.
                                                       Nevada Bar No. 8409
                                                     Erik W. Fox, Esq.
                                                     Nevada Bar No. 8804
                                                     2580 St. Rose Parkway, Suite 330
                                                     Henderson, Nevada 89074
                                                     *Attorneys for Plaintiff*